IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOSHUA ERIC TOWNLEY, §
   Petitioner, §
  §
v. § Civil Action No. 4:20-CV-1349-O
  §
BOBBY LUMPKIN, Director, TDCJ-CID, §
   Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Joshua Eric Townley, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is confined pursuant to his 2017 convictions in Parker County, Texas, Case Nos. CR16-0114 and CR16-0115, for sexual assault of a child. Pet'r's Exs. 76, 80, ECF No. 1-2. After his trial, Petitioner filed a notice of appeal and a motion for new trial and motion in arrest of judgment. Clerk's R. *Id.* at 21–22; Clerk's R. (Case No. CR16-0114) 137, ECF No. 19-18. On February 24, 2017, the trial court signed an order granting the motion for new trial and motion in arrest of judgment, however, three days later, on February 27, 2017, the trial court signed an order rescinding the order, asserting that the motion was "erroneously and unintentionally granted." Pet'r's Exs. 25, 33, ECF No. 1-2. Petitioner's appeal was subsequently dismissed based on the first order, but, following the second order, the memorandum opinion and judgment of dismissal were withdrawn and the appeal was reinstated. *Id.* at 28–29, 70–71. Thereafter, the appellate court

affirmed the trial court's judgments of conviction, the Texas Court of Criminal Appeals refused his petitions for discretionary review, and the United States Supreme Court denied certiorari. Electronic R., ECF No. 19-16; *Townley v. Texas,* 140 S. Ct. 452 (2019). Petitioner also sought state habeas-corpus relief in Case No. CR16-0114, to no avail. SHR[1] 12 & Action Taken, ECF Nos. 20-11, 20-8, respectively.

## II. ISSUES

In one ground, Petitioner claims that the trial court's "rescinding order violates the Double Jeopardy Clause following its granted order of new trial on ground that [the] evidence was legally insufficient to support [the] jury guilty verdict." Pet. 6, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has sufficiently exhausted his claim in state court and that the petition is neither untimely nor subject to the successive-petition bar. Resp't's Ans. 5, ECF No. 17.

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act. 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims

---

[1] "SHR" refers to the record of Petitioner's state habeas-corpus proceeding in WR,90,944-01.

already rejected in state proceedings." *Richter*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Additionally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last reasoned state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

Petitioner claims that the trial court's rescinding order, which he equates to an acquittal, barred "the state from prosecuting him further by reinstating his convictions" under the Double Jeopardy Clause. Pet'r's Mem. 16, ECF No. 1-1. Petitioner raised his claim on direct appeal and, in the last reasoned opinion on the issue, the appellate court addressed the claim as follows:

> **A.   Generally, a Trial Court May Freely Rescind an Order Granting a New Trial**.
>
> A trial court has the power to rescind its order granting a new trial; time alone does not limit this power. *Kirk v. State,* 454 S.W.3d 511, 515 (Tex. Crim. App. 2015) (eliminating the 75-day time limit imposed by *Awadelkariem v. State,* 974 S.W.2d 721 (Tex. Crim. App. 1998)). [Petitioner] ignores *Kirk* and argues that

3

*Awadelkariem*—in which the Texas Court of Criminal Appeals overruled precedent to hold that a trial court has power, albeit limited, to rescind its order on a motion for new trial, 974 S.W.2d at 722, 728—was wrongly decided.

B.  **Double Jeopardy Considerations Could Still Limit a Trial Court's Freedom to Rescind an Order Granting a New Trial.**

Focusing on his rights to be free from double jeopardy, [Petitioner] relies on *Hudson v. Louisiana,* 450 U.S. 40, 101 S. Ct. 970 (1981), and *Moore v. State,* 749 S.W.2d 54 (Tex. Crim. App. 1988), to argue that the trial court abused its discretion by rescinding its order granting a new trial because that order was the "functional equivalent of an acquittal." *See Awadelkariem,* 974 S.W.2d at 724 (stating that the Court held in *Moore* that the granting of a new trial based on legally insufficient evidence was "the functional equivalent of an acquittal, causing the trial court's jurisdiction to lapse under double jeopardy principles"). *Hudson* and *Moore* both involved orders granting new trials solely because of legally insufficient evidence. *Hudson,* 450 U.S. at 44, 101 S. Ct. at 973; *Moore,* 749 S.W.2d at 56. The *Hudson* court held that the Double Jeopardy Clause barred a retrial in those circumstances, implicitly holding that acquittal was the appropriate remedy. *Hudson,* 450 U.S. at 44–45, 101 S. Ct. at 973. The *Moore* court held that the Double Jeopardy Clause barred the trial court from rescinding its order granting the new trial and that acquittal was the proper remedy. 749 S.W.2d at 58.

In overruling a line of prior cases that had held a trial court could not rescind an order granting a new trial, the *Awadelkariem* court both noted that *Moore* was distinguishable from the line of cases because it "involv[ed] double jeopardy considerations" and ostensibly overruled it along with other cases in that line. 974 S.W.2d at 724, 728.

Unlike *Hudson* and *Moore,* however, neither *Awadelkariem* nor *Kirk* concerned an order granting a motion for new trial solely because legally insufficient evidence supported the guilty verdict. *See Kirk,* 454 S.W.3d at 512 (noting the trial court revoked the defendant's deferred adjudication community supervision, adjudicated his guilt, and sentenced him, and his "Motion for Commutation of Sentence" complained only of the sentence); *Awadelkariem,* 974 S.W.2d at 722 (noting the trial court granted the motion for new trial because the defendant agreed to change his plea to guilty in exchange for deferred adjudication). The *Kirk* court also did not mention *Moore* or expressly recognize a *Moore* exception to the general rule allowing trial courts to freely rescind their orders granting new trials but did recognize that exceptions could exist by expressly noting what it was not addressing. Specifically, the *Kirk* court did not:

> address whether the trial court's ability to rescind an order granting

a new trial could be affected by events occurring after the grant of a new trial, such as . . . the start of the new trial [or] whether a defendant's double-jeopardy rights would affect a trial court's ability to rescind an order granting a new trial after the new trial has begun. *Kirk,* 454 S.W.3d at 511 n.1.

Thus, *Moore*'s continued validity for the proposition that a trial court cannot rescind an order granting a new trial solely on the basis that legally insufficient evidence supports the verdict is unclear.

C.     **[Petitioner] Is Not at Risk of Double Jeopardy.**

We do not need to resolve *Moore*'s present viability, however, because [Petitioner]'s motion for new trial did not raise only legal sufficiency as a ground for granting a new trial. When a motion for new trial is granted on a ground other than legal sufficiency, the Double Jeopardy Clause is not implicated. *See, e.g., Dennington v. State,* No. 05-92-01892-CR, 1997 WL 112750, at *1 (Tex. App.– Dallas Mar. 14, 1997, pet. ref'd) (not designated for publication); *Carter v. State,* 848 S.W.2d 792, 796 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd).

[Petitioner]'s motion sought a new trial (1) because the verdicts were allegedly contrary to the law and the evidence but also (2) in the interest of justice. The motion did not mention sufficiency; however, the wording of the first ground typically indicates a challenge to the sufficiency of the evidence to support the conviction. *See State v. Zalman,* 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) ("In *Bogan v. State* we held that allegations that a verdict was against the law and the evidence raised a sufficiency challenge and *only* a sufficiency challenge.") (footnote omitted). *But see Clarke v. State,* 270 S.W.3d 573, 580 n.18 (Tex. Crim. App. 2008) (stating that a trial court would be within its discretion to refuse to set a motion for new trial "alleging such a general ground" as "the verdict is contrary to the law and the evidence" for hearing but noting that the trial court could rule on a *Brady* issue raised at such a hearing by granting or denying the motion).

[Petitioner] raised his second ground, "[i]n the interest of justice," separately in the motion, and it is a ground that can be distinctive from sufficiency of the evidence. *See State v. Herndon,* 215 S.W.3d 901, 907 (Tex. Crim. App. 2007) (noting that grounds for new trial listed in appellate rule 21.3 are "illustrative, not exclusive" and holding that "[a] trial judge has discretion to grant or deny a motion for new trial 'in the interest of justice,' but 'justice' means in accordance with the law") (citations omitted); *Dennington,* 1997 WL 112750, at *1–2.

The trial court's order granting [Petitioner]'s motion for new trial did not indicate the basis for the decision. The trial court could have granted the motion in

5

the interest of justice (or unintentionally, as the trial court stated). Consequently, the order was not functionally equivalent to an acquittal, and the Double Jeopardy Clause was not implicated. *See Dennington,* 1997 WL 112750, at *1–2. Thus, to the extent that a double-jeopardy limitation on a trial court's power to rescind an order granting a new trial remains after *Kirk,* that limitation does not apply here.

> **D. The Trial Court Did Not Abuse Its Discretion by Rescinding Its Order Granting [Petitioner] a New Trial.**
>
> Applying *Kirk,* we hold that the trial court had the power to freely rescind its order granting a new trial and therefore did not abuse its discretion by doing so. *See Kirk,* 454 S.W.3d at 515.
>
> To the extent [Petitioner] also argues that the trial court abused its discretion by rescinding its order granting the motion to arrest judgment, our resolution is the same. As our sister court in Houston has explained,
>
>> [A] trial court has all the necessary inherent power to correct, modify, vacate or amend its own rulings in order to effectuate its judgment. So long as the court does not by its ruling divest itself of jurisdiction or exceed a statutory time table, it can simply change its mind on a ruling. The ability to do so is a necessary function of an efficient judiciary.
>
> *Meineke v. State,* 171 S.W.3d 551, 555 (Tex. App.– Houston [14th Dist.] 2005, pet. ref'd) (citations and internal quotation marks omitted). We therefore hold that the trial court also did not abuse its discretion by rescinding its order granting the motion to arrest judgment.

Mem. Op. 4–8, ECF No. 19-3 (emphasis in original).

To the extent Petitioner raises a violation of state law, such a claim provides no basis for federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991).

To the extent Petitioner raises a violation of clearly established federal law as determined by the United States Supreme Court, Supreme Court precedent establishes that the Double Jeopardy Clause is triggered when a trial court grants a motion for new trial solely for lack of sufficient evidence to sustain the jury's verdict. *See Hudson,* 450 U.S. at 43; *Burks v. United States,* 437 U.S.

1, 18 (1978); *Greene v. Massey,* 437 U.S. 19, 24 (1978). However, notwithstanding "the boilerplate grounds that 'the verdict is contrary to the law and evidence,'" although "typically" indicating a challenge to the sufficiency of the evidence, as explained by the appellate court, the fatal flaw in Petitioner's argument is that he did not move for a new trial solely on sufficiency grounds and the trial court did not clearly grant the motion on that ground. *See Deloney v. Estelle,* 713 F.2d 1080, 1086–87 (5th Cir. 1983). Thus, contrary to his assertion, his case does not fall within the scope of *Hudson, Burks,* and *Greene,* and the state court's adjudication of the claim was neither contrary to or a misapplication of Supreme Court precedent.

### VI. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 18th day of June, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE